Gregory D. Miller
Gene Y. Kang
Timothy P. Gonzalez
Catherine R. Salerno
Kaitlyn Piechnik
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
Gregory.Miller@rivkin.com
Gene.Kang@rivkin.com
Timothy.Gonzalez@rivkin.com
Catherine.Salerno@rivkin.com
Kaitlyn.Piechnik@rivkin.com

*Attorneys for Plaintiffs, Sun Pharmaceutical*
*Industries, Ltd. and Sun Pharmaceutical*
*Industries, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUN PHARMACEUTICAL INDUSTRIES, LTD. and SUN PHARMACEUTICAL INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SOLARIS PHARMA CORPORATION, <br><br> Defendant. | C.A. No.: 3:26-cv-4286 |

## PLAINTIFFS SUN PHARMACEUTICAL INDUSTRIES, LTD. AND SUN PHARMACEUTICAL INDUSTRIES, INC.'S COMPLAINT AGAINST SOLARIS PHARMA CORPORATION

Plaintiffs Sun Pharmaceutical Industries, Ltd. ("Sun India") and Sun Pharmaceutical Industries, Inc. ("Sun USA," and collectively, "Sun" or "Plaintiffs"), for their complaint against defendant, Solaris Pharma Corporation ("Solaris"), to the best of their knowledge, information and belief, allege as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of United States Reissued Patent No. RE50,218 (the "'218 patent"), under 35 U.S.C. § 271(e)(2) and for Declaratory Judgment of infringement under 28 U.S.C. §§ 2201-02 and 35 U.S.C. § 271(a), (b), and (c) relating to Sun's commercially successful product, BromSite® (bromfenac ophthalmic solution), 0.075%. This action arises from Defendant's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to market a generic version of BromSite® (bromfenac ophthalmic solution), 0.075% prior to the expiration of the '218 patent.

2.      Pursuant to § 505(j)(2)(B)(i) and (ii) of the Federal Food, Drug and Cosmetic Act (the "FFDCA") and 21 U.S.C. § 355(j)(2)(B)(i) and (ii), Solaris notified Sun by letter dated March 11, 2026 (Solaris's "Notice Letter") that it has submitted ANDA No. 220440 to FDA, seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of BromSite® (bromfenac ophthalmic solution), 0.075% (Solaris's "ANDA Product") throughout the United States, referencing and relying upon New Drug Application ("NDA") No. 206911 for BromSite® (bromfenac ophthalmic solution), 0.075% for approval, prior to the expiration of the '218 patent.

3.      Sun brings this suit to enjoin Solaris's ongoing and future infringement of the '218 patent through the commercial manufacture, use, offer for sale, sale and/or importation of its ANDA Product.

1

**THE PARTIES**

4.      Sun India is an entity organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra, 400063, India.

5.      Sun USA is an entity organized and existing under the laws of the State of Delaware, with a principal place of business at 2 Independence Way, Princeton, New Jersey 08540. Sun USA is a wholly-owned subsidiary of Sun India and the exclusive distributor of BromSite® in the United States.  Sun USA sells BromSite® throughout the United States, including in this judicial district.

6.      On information and belief, Defendant Solaris Pharma Corporation is a corporation operating and existing under the laws of New Jersey, having a principal place of business at 49 Napoleon Court, Somerset, New Jersey 08873.

7.      On information and belief, Solaris manufactures, sells, markets, and distributes generic and branded pharmaceutical products throughout the United States, including in this district.

8.      On information and belief, Solaris developed its proposed generic bromfenac ophthalmic solution, 0.075% and prepared ANDA No. 220440 for submission. On information and belief, upon receiving approval of its ANDA No. 220440, Solaris will manufacture, sell, offer to sell, and/or import Solaris's proposed generic bromfenac ophthalmic solution, 0.075% in the United States, including in this district.

**JURISDICTION AND VENUE**

9.      This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, et seq., and the Declaratory Judgment Act.  This Court has

2

jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

10.     Based on the facts alleged herein, this Court has personal jurisdiction over Solaris.

11.     Solaris has committed an act of patent infringement under 35 U.S.C. §271(e)(2) and intends to manufacture, use, sell, and offer for sale its proposed generic bromfenac ophthalmic solution, 0.075% in New Jersey.

12.     This Court has personal jurisdiction over Solaris.  Solaris avails itself of the benefits and protections of the laws of the State of New Jersey.  For example, on information and belief, Solaris is registered to do business in the State of New Jersey and is registered with the State of New Jersey as a manufacturer and wholesale distributor of drugs.

13.     This Court also has personal jurisdiction over Solaris by virtue of its systematic and continuous contacts with the State of New Jersey. On information and belief, Solaris manufactures pharmaceuticals at a facility located at 49 Napoleon Court, Somerset, New Jersey 08873. Solaris sells, offers for sale, and distributes generic and branded pharmaceuticals throughout the State of New Jersey.

14.     On information and belief, Solaris has at all relevant times maintained continuous and systematic contacts with the State of New Jersey, including but not limited to, its aforementioned business of preparing generic and branded pharmaceuticals that Solaris distributes throughout the United States.

15.     If ANDA No. 220440 is approved, Solaris's proposed generic bromfenac ophthalmic solution, 0.075% would be marketed and distributed in New Jersey by Solaris, and/or prescribed by physicians practicing in this state, and dispensed by pharmacies located in this state, all of which would have a substantial effect on commerce.

16.    Solaris has previously availed itself of the jurisdiction of this Court by consenting to jurisdiction in this district and asserting counterclaims in at least the following civil action in this district: *Valeant Pharmaceuticals North America LLC, et al. v. Solaris Pharma Corp.*, Civil Action No. 3:18-cv-13695.

17.    Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

18.    Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Solaris "committed an act of infringement" and will commit further acts of infringement in this district and has a "regular place and established place of business" in this district. Solaris submitted ANDA No. 220440 pursuant to 505(j)(2)(B)(i) and (ii) of the FFDCA, and, upon receiving approval of the ANDA, will manufacture, sell, offer to sell, and/or import its proposed generic bromfenac ophthalmic solution, 0.075% throughout the United States, including in this district. Thus, Solaris has committed an act of infringement in this district and will commit further acts of infringement. Solaris also has a "regular and established place of business" at 49 Napoleon Court, Somerset, New Jersey 08873.

## BACKGROUND

19.    On July 15, 2014, the PTO duly and legally issued the U.S. Patent No. 8,778,999 (the "'999 patent"), entitled "Non-Steroidal Anti-Inflammatory Ophthalmic Compositions" to inventors Kamran Hosseini, Lyle Bowman, Erwin C. Si, and Stephen Pham, each of whom assigned their interest in the '999 patent to InSite Vision Incorporated. InSite Vision Incorporated assigned the '999 patent to Sun Pharma Global FZE, who was the lawful owner of all right, title and interest in and to the said patent. The Scheme of Amalgamation and Merger of Sun Pharma Global FZE with Sun India was approved by the Hon'ble National Company Law Tribunal, Ahmedabad Bench on August 31, 2021 and became effective on October 1, 2021, whereby Sun

4

Pharma Global FZE transferred all of its rights and obligations to Sun India, including its right, title and interest in and to the '999 patent.

20.     InSite Vision Incorporated submitted NDA No. 206911 for BromSite® (bromfenac ophthalmic solution), 0.075% on June 10, 2015.  In November of 2015, Sun Pharma Global FZE acquired InSite Vision Incorporated.  On April 8, 2016, the FDA approved BromSite® (bromfenac ophthalmic solution), 0.075% for marketing in the United States pursuant to section 505(b) of the FFDCA, 21 U.S.C. § 355(b).  On or about July 28, 2016, Sun Pharma Global FZE notified FDA that Sun Pharma Global FZE was the lawful holder of NDA No. 206911.  On or about November 11, 2021, Sun India notified FDA that Sun India was the lawful holder of NDA No. 206911.

21.     On November 26, 2024, the PTO duly and legally issued the U.S. Reissued Patent No. US RE50,218 E (the "'218 patent"), titled "Non-Steroidal Anti-Inflammatory Ophthalmic Compositions" to inventors Kamran Hosseini, Lyle Bowman, Erwin C. Si, and Stephen Pham, each of whom assigned their interest in the '218 patent to Sun India. Sun India is the lawful owner of all right, title and interest in and to the said patent. A true and correct copy of the '218 patent is attached hereto as **Exhibit A**.

22.     In conjunction with NDA No. 206911, Sun India has listed the '218 patent with the United States Food and Drug Administration ("FDA").  The FDA has published the '218 patent in the Approved Drug Products with Therapeutic Equivalence Evaluations, commonly referred to as the "Orange Book," for NDA No. 206911 covering BromSite® (bromfenac ophthalmic solution), 0.075%.

23.      Solaris submitted ANDA No. 220440 under § 505(j) of the FFDCA (21 U.S.C. § 355(j)) seeking FDA approval to commercially manufacture, use, offer for sale, or sell a generic

5

version of BromSite® (bromfenac ophthalmic solution), 0.075% throughout the United States prior to the expiration of the '218 patent.

24.    Pursuant to § 505(j)(2)(B)(i) and (ii) of the FFDCA, Solaris submitted a Paragraph IV Certification in ANDA No. 220440 that alleged that the claims of the '218 patent are invalid, unenforceable, and/or will not be infringed by its manufacture, use, or sale of its proposed generic bromfenac ophthalmic solution, 0.075%.

25.    Sun received written notification of ANDA No. 220440 and Solaris's allegations under § 505(j)(2)(A)(vii)(IV) on or about March 12, 2026 ("Paragraph IV Notice").

26.    The Paragraph IV Notice stated that Solaris had filed a Paragraph IV Certification with the FDA in conjunction with ANDA No. 220440, which alleged that the claims of the '218 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use or sale throughout the United States of the proposed generic bromfenac ophthalmic solution, 0.075%.

27.    Solaris has made, and continues to make, substantial preparation to manufacture, offer to sell, sell and/or import its proposed generic bromfenac ophthalmic solution, 0.075% in the United States prior to expiration of the '218 patent.

28.    Solaris's actions, including, but not limited to, the development of Solaris's proposed generic bromfenac ophthalmic solution, 0.075% and the filing of ANDA No. 220440 with a Paragraph IV Certification, indicate a continued course of conduct to seek FDA approval of ANDA No. 220440 and to manufacture, market, and sell the product after such approval.

## COUNT I

**(Infringement of the '218 Patent Under 35 U.S.C. § 271(e)(2)(A) by Solaris's Proposed Generic Bromfenac Ophthalmic Solution, 0.075%)**

29.    Sun incorporates each of the preceding paragraphs as if fully set forth herein.

30.     Solaris submitted ANDA No. 220440 to FDA under section 505(j) of the FFDCA to obtain approval to engage in the manufacture, use or sale throughout the United States, of Solaris's proposed generic bromfenac ophthalmic solution, 0.075% prior to the expiration of the '218 patent.  By submitting ANDA No. 220440, Solaris has committed an act of infringement of the '218 patent under 35 U.S.C. § 271(e)(2)(A).

31.     The commercial manufacture, use, offer for sale, sale, and/or importation of Solaris's proposed generic bromfenac ophthalmic solution, 0.075% prior to the expiration of the '218 patent will constitute an act of infringement of the '218 patent.

32.     On information and belief, Solaris became aware of the '218 patent no later than the date on which that patent was listed in the Orange Book.

33.     On information and belief, Solaris knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of their proposed generic bromfenac ophthalmic solution, 0.075% will actively induce and contribute to the actual infringement of the '218 patent.

34.     On information and belief, Solaris knows or should know that its proposed generic bromfenac ophthalmic solution, 0.075% will be especially made for or especially adapted for use in infringement of the '218 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use, and that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic bromfenac ophthalmic solution, 0.075% will actively contribute to the actual infringement of the '218 patent.

35.     The commercial manufacture, use, offer for sale, sale and/or importation of Solaris's generic bromfenac ophthalmic solution, 0.075% in violation of Sun's patent rights will cause harm to Sun for which damages are inadequate.

7

36.     Sun does not have an adequate remedy at law and will be irreparably harmed by Solaris's infringing conduct unless such conduct is enjoined by this Court.

## COUNT II

**(Declaratory Judgment of Infringement of the '218 Patent Under 35 U.S.C. § 271(a) by Solaris's Proposed Generic Bromfenac Ophthalmic Solution, 0.075%)**

37.     Sun incorporates each of the preceding paragraphs as if fully set forth herein.

38.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

39.     An actual case or controversy between Sun and Solaris exists such that the Court may entertain Sun's request for declaratory relief consistent with Article III of the United States Constitution.

40.     Solaris has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell and/or import its proposed generic bromfenac ophthalmic solution, 0.075%.

41.     Solaris's recent actions indicate that it does not intend to change its course of conduct.

42.     Any manufacture, use, offer for sale, sale and/or importation of Solaris's proposed generic bromfenac ophthalmic solution, 0.075% prior to the expiration of the '218 patent will constitute direct infringement of the '218 patent.

43.     Sun is entitled to a declaratory judgment that any manufacture, use, offer for sale, sale and/or importation of the proposed generic bromfenac ophthalmic solution, 0.075% by Solaris prior to the expiration of the '218 patent will constitute direct infringement of said patent.

44.     On information and belief, despite having actual notice of the '218 patent, Solaris continues to willfully, wantonly, and deliberately prepare to infringe the '218 patent in disregard

8

of Sun's rights, making this case exceptional and entitling Sun to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT III

**(Declaratory Judgment of Infringement of the '218 Patent Under 35 U.S.C. § 271(b) and (c) by Solaris)**

45.    Sun incorporates each of the preceding paragraphs as if fully set forth herein.

46.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

47.    An actual case or controversy between Sun and Solaris exists such that the Court may entertain Sun's request for declaratory relief consistent with Article III of the United States Constitution.

48.    Solaris has actual knowledge of the '218 patent.

49.    On information and belief, Solaris became aware of the '218 patent no later than the date on which that patent was listed in the Orange Book.

50.    On information and belief, Solaris has acted with full knowledge of the '218 patent and without a reasonable basis for believing that Solaris would not be liable for actively inducing or contributing to the infringement of the '218 patent.

51.    The commercial manufacture, use, sale, offer for sale, and/or importation of Solaris's proposed generic bromfenac ophthalmic solution, 0.075% will induce the actual infringement of the '218 patent.

52.    On information and belief, Solaris knows or should know that its commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic bromfenac ophthalmic solution, 0.075% will actively induce the actual infringement of the '218 patent.

53.    On information and belief, Solaris will encourage another's infringement of the '218 patent by and through the commercial manufacture, use, sale, offer for sale, and/or

importation of its proposed generic bromfenac ophthalmic solution, 0.075%, which is covered by the claims of the '218 patent.

54.    Solaris's acts of infringement will be done with knowledge of the '218 patent and with the intent to encourage infringement.

55.    The foregoing actions by Solaris will constitute active inducement of infringement of the '218 patent.

56.    On information and belief, Solaris knows or should know that Solaris's proposed generic bromfenac ophthalmic solution, 0.075% will be especially made or especially adapted for use in an infringement of the '218 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

57.    The commercial manufacture, use, sale, offer for sale, and/or importation of Solaris's proposed generic bromfenac ophthalmic solution, 0.075% will contribute to the actual infringement of the '218 patent.

58.    On information and belief, Solaris knows or should know that Solaris's offer for sale, sale and/or importation of its proposed generic bromfenac ophthalmic solution, 0.075% will contribute to the actual infringement of the '218 patent.

59.    The foregoing actions by Solaris will constitute contributory infringement of the '218 patent.

60.    On information and belief, Solaris intends to, and will, actively induce and contribute to the infringement of the '218 patent when ANDA No. 220440 is approved, and plans and intends to, and will, do so immediately and imminently upon final approval.

10

61.     Sun is entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Solaris's proposed generic bromfenac ophthalmic solution, 0.075% by Solaris will induce and/or contribute to infringement of the '218 patent.

62.     The commercial manufacture, use, offer for sale, sale and/or importation of Solaris's proposed generic bromfenac ophthalmic solution, 0.075%, which will actively induce and/or contribute to infringement of the '218 patent, in violation of Sun's patent rights, will cause harm to Sun for which damages are inadequate.

63.     Unless Solaris is enjoined from actively inducing and contributing to the infringement of the '218 patent, Sun will suffer irreparable injury for which damages are an inadequate remedy.

64.     On information and belief, despite having actual notice of the '218 patent, Solaris continues to willfully, wantonly, and deliberately prepare to actively induce and/or contribute to infringement of the '218 patent in disregard of Sun's rights, making this case exceptional and entitling Sun to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

a.     That judgment be entered that Solaris has infringed the '218 patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 220440 under the FFDCA, and that the commercial manufacture, use, offer for sale, sale and/or importation of Solaris's proposed generic bromfenac ophthalmic solution, 0.075% prior to patent expiry constitutes an act of infringement of the '218 patent;

11

b.      That an order be issued under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 220440 shall be a date that is not earlier than the expiration date of the '218 patent, including any extensions or exclusivities;

c.      That an injunction be issued under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 permanently enjoining Solaris, Solaris's directors, officers, agents, servants, employees, licensees, representatives, successors and attorneys, and all other persons acting or attempting to act in concert or participation with Solaris or acting on Solaris's behalf, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product covered by the '218 patent, including but not limited to Solaris's proposed generic bromfenac ophthalmic solution, 0.075% prior to the expiration date of such patent, including any extensions or exclusivities;

d.      That a declaration be issued under 28 U.S.C. § 2201 that if Solaris, Solaris's directors, officers, agents, servants, employees, licensees, representatives, successors and attorneys, and all other persons acting or attempting to act in concert or participation with Solaris or acting on Solaris's behalf, engage in the commercial manufacture, use, offer for sale, sale and/or importation of Solaris's generic bromfenac ophthalmic solution, 0.075% prior to the expiration of the '218 patent, it will constitute infringement of said patent;

e.      That damages or other monetary relief be awarded to Sun under 35 U.S.C. §§ 271(a), (b), (c) and (e)(4)(C), and/or 35 U.S.C. § 284 as appropriate;

f.      That this is an exceptional case under 35 U.S.C. § 285 and that Plaintiffs be awarded reasonable attorneys' fees and costs; and

g.      That this Court award such other and further relief as it may deem just and proper.

Dated: April 22, 2026

By: *s/ Gregory D. Miller*
Gregory D. Miller
Gene Y. Kang
Timothy P. Gonzalez
Catherine R. Salerno
Kaitlyn Piechnik
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
Gregory.Miller@rivkin.com
Gene.Kang@rivkin.com
Timothy.Gonzalez@rivkin.com
Catherine.Salerno@rivkin.com
Kaitlyn.Piechnik@rivkin.com

*Attorneys for Plaintiffs, Sun Pharmaceutical Industries, Ltd. and Sun Pharmaceutical Industries, Inc.*

13

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  April 22, 2026

By: *s/ Gregory D. Miller*
Gregory D. Miller
Gene Y. Kang
Timothy P. Gonzalez
Catherine R. Salerno
Kaitlyn Piechnik
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
Gregory.Miller@rivkin.com
Gene.Kang@rivkin.com
Timothy.Gonzalez@rivkin.com
Catherine.Salerno@rivkin.com
Kaitlyn.Piechnik@rivkin.com

*Attorneys for Plaintiffs, Sun Pharmaceutical Industries, Ltd. and Sun Pharmaceutical Industries, Inc.*

14

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that plaintiffs seek, *inter alia*, injunctive relief.

Dated:  April 22, 2026

By: *s/ Gregory D. Miller*
Gregory D. Miller
Gene Y. Kang
Timothy P. Gonzalez
Catherine R. Salerno
Kaitlyn Piechnik
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
Gregory.Miller@rivkin.com
Gene.Kang@rivkin.com
Timothy.Gonzalez@rivkin.com
Catherine.Salerno@rivkin.com
Kaitlyn.Piechnik@rivkin.com

*Attorneys for Plaintiffs, Sun Pharmaceutical Industries, Ltd. and Sun Pharmaceutical Industries, Inc.*